**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH**

GARY ARMITAGE, individually
and on behalf of others similarly situated,

       Plaintiff,

       v.                             Civil Action Number:

BNSF RAILWAY COMPANY,

       Defendant.

## COMPLAINT- CLASS ACTION

AND NOW, comes the plaintiff, Gary Armitage, individually, and on behalf of a group of similarly situated individuals, by and through his attorneys, and files the following Complaint under the Americans With Disabilities Act, as amended, and the Texas Labor Code Chapter 21. Specifically, defendant maintains a policy, practice and custom of disqualifying employees and applicants based upon a *per se* list of medications resulting in improper medical inquiries and misinterpretation of medications and assumption of side-effects without an individualized assessment.

### Parties

1.     The plaintiff, Gary Armitage is an adult individual, residing in Decatur, Texas 76234 (Wise County). This action is brought on behalf of other individuals similarly situated consisting of a proposed class of all persons who have been subjected to BNSF's medication protocol and written policy effective January 15, 2018 systemwide.

2.     The defendant, BNSF Railway Company, hereinafter referred to as ("BNSF"), is a corporation engaged in interstate commerce employing more than 15 persons who work in several states, primarily engaged in railroad transportation. BNSF maintains its corporate headquarters at

3017 Lou Menk Drive, Fort Worth, TX 76131 and does business in twenty-one states and within the Northern District of Texas.

## Jurisdiction and Venue

3.     This is an action under the Americans With Disabilities Act, 42 U.S.C. §12101, et seq. (ADAAA), and Texas Labor Code Chapter 21.  Plaintiff, Gary Armitage, seeks declaratory, injunctive and compensatory relief for denial of employment on the basis of disability as defined by the applicable statutes.

4.     Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to the ADAAA and Texas Labor Code Chapter 21.

6.     Plaintiff exhausted administrative procedures under the ADAAA by filing with the Equal Employment Opportunity Commission, who issued a Right to Sue letter dated December 6, 2019.

7.     The defendant is a covered employer within the meaning of the ADAAA and Texas Labor Code Chapter 21 because, among other things, they employ the requisite number of employees during the relevant time period. At all relevant times, BNSF has received federal financial assistance, thereby rendering Texas Labor Code Chapter 21 applicable to its employment programs and activities.

8.     The Plaintiff and putative class were denied employment because of their disabilities or were regarded as disabled based on a perception that they were substantially limited in one or more major life activities including concentration, thinking, and working and/or were

regarded as disabled or record of disability by BNSF that these disabilities prevented them from performing the jobs applied for and/or worked by defendant. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of the job and other available jobs, with or without an accommodation.

## Statement of Facts

9.      Mr. Armitage was employed as a train dispatcher for BNSF Railway beginning in 1996 through the medical disqualification on January 13, 2018.

10.      As a result of a motorcycle accident in 2003, Mr. Armitage treats with physicians for chronic pain including the use of a Fentanyl patch and hydrocodone.

11.      Mr. Armitage does not experience side effects from any of these prescription medications nor has he had any work-related events related to either his medical conditions or the use of prescription medications.

12.      Effective January 15, 2018, BNSF's medical department issued a restricted list of medications for its employees. (BNSF Fitness for Duty of Medications- Attached as Ex. 1).

13.      As a result of this written policy, Dr. Michael Jarrard, Chief Medical Officer and Assistant Vice President, disqualified Mr. Armitage from further work.

14.      As a result, Mr. Armitage was forced on a medical leave of absence despite his physicians, including Dr. Herrera, writing to confirm that Mr. Armitage does not suffer from any physical or cognitive impairment as a result of these prescription medications.  Furthermore, Dr. Herrera wrote that he has not suffered any adverse side effects as a result of his current medication regimen.

15.     Despite this improper medical disqualification from his position as a train dispatcher, Mr. Armitage immediately bid upon two open vacancies as an assistant chief dispatcher (ACD) which are positions similar to a train dispatcher with the same pay, same insurance and same Union requirement but without direct exposure to safety sensitive tasks.

16.     Mr. Armitage applied for a Manager of Dispatcher - Yardmaster Workforce position on 3/27/18. He was interviewed on 4/10/18 but approximately one week later was told that they "went in a different direction" than him.

17.     BNSF failed to provide Mr. Armitage with these and other positions that were vacant and funded, and failed to non-competitively reassign him to such positions.  Mr. Armitage applied for and is currently working as a Manager I, albeit with less earnings and resulting reduction in his retirement pension. As a result of the above, Mr. Armitage has and continues to suffer and seeks damages for back pay, front pay, loss of pension contributions and retirement amount, compensatory damages, punitive damages, attorneys' fees and costs and injunctive relief.

<strong><u>Count I</u></strong><br>
<strong><u>Defendant's Violation of the ADAAA and Texas Labor Code Chapter 21: Medical Inquiry</u></strong>

18.     Mr. Armitage incorporates by reference all of the above allegations set forth in this Complaint.

19.     Mr. Armitage was required to submit medical records including prescription medication.

20.     Mr. Armitage worked without incident of any side-effects of his prescription medication.

21. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of the ADAAA and Texas Labor Code Chapter 21 and its implementing regulations in the following ways:

    (a)    by requiring Mr. Armitage and the putative class to submit to medical examinations and disability-related inquiries prior to and after a job offer, that are not job-related and consistent with business necessity and are unrelated to their ability to perform their job-related functions;

    (b)    by requiring Mr. Armitage to disclose overbroad medical history and/or medical records (including information wholly unrelated to the medical issues for which Defendant was purportedly evaluating the applicant's fitness for duty);

    (c)    by pursuing a policy and practice of excluding applicants and employees on the basis of disability, as defined in the ADAAA and Texas Labor Code Chapter 21, as amended, without showing that the policy and practice is job-related and consistent with business necessity.

22. As a result of this conduct, BNSF has violated the ADAAA and Texas Labor Code Chapter 21 and caused Mr. Armitage and others similarly situated the loss of wages and other job benefits and emotional and other harm.

### Count II
### Allegations of Defendant's Violation of the ADAAA and
### Texas Labor Code Chapter 21: Denial of Employment

23. Mr. Armitage incorporates by reference all of the above allegations set forth in this Complaint.

24. Mr. Armitage was at all relevant times capable of performing the essential functions of a train dispatcher.

25. Mr. Armitage was not allowed to report for duty, because plaintiff was disabled, regarded as disabled and/or had a record of disability within the meaning of the ADAAA and Texas Labor Code Chapter 21, with or without reasonable accommodations including reassignment to vacant and funded positions.

26.     As a result of this conduct, BNSF has caused Mr. Armitage the loss of wages and other job benefits and emotional and other harm.

**Count III**
**Class Allegations Under the ADAAA and Texas Labor Code Chapter 21**

27.     The averments set forth in Paragraph 1 through 26 above are incorporated by reference.

28.     This action is brought and may be properly maintained as a class action pursuant to F. R. C. P. 23.

29.     This action is brought by plaintiff on his own behalf and as representative of the proposed class consisting of all persons who have been denied employment based upon BNSF's written policy prohibiting employment based upon use of medications because they were disabled, regarded as disabled or had a record of disability. (BNSF Fitness for Duty of Medications Policy-Attached as Ex. 1).

30.     The Class is so numerous that joinder of all members is impractical. Although the exact size of the Class is unknown, membership in the Class potentially numbers in the hundreds. Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impracticable.

31.     There are numerous key questions of fact and law which are common to all members of the Class, which predominate over any questions which effect only individual members of the class, including *inter alia*, the following:

        (a)     Whether defendant's policies, practices or customs related to its
                written medication policy and related practices violates the ADAAA
                and Texas Labor Code Chapter 21\;

(b)     Whether the defendant should be enjoined in from further conduct

in violation of the aforementioned laws; and

(c)     Whether the class members have suffered ascertainable losses.

32.     Plaintiff's claims are typical of the claims of the other members of the Class which he seeks to represent because each of the proposed class members were denied employment.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and plaintiff has no interests which are adverse to the interests of the class.

34.     Plaintiff has retained competent counsel who has substantial experience in the prosecution of employment and class action cases.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts. Individual litigation magnifies the delay and expense to all parties. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system, and protects the rights of each class member and meets all due process requirements as to fairness to the defendant.

36.     The defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Armitage demands: (1) judgment against defendant jointly and severally in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the ADAAA and Texas Labor Code Chapter 21, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin defendant from further violating the above laws; (3) that this Court order defendant to reinstate Mr. Armitage to the position he had been awarded when defendant unlawfully denied continued employment as a dispatcher with all seniority and benefits he would have otherwise accrued had defendant not violated the above laws; (4) certify a class on behalf of all applicants and employees deemed medically disqualified based upon the BNSF Medication Policy effective on or about January 15, 2018; and (5) that this Court award Mr. Armitage expert witness fees, attorneys' fees and the cost of bringing this action and, (6) that this Court grant him all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

MORGAN & PAUL, PLLC

        /Gregory G. Paul
GREGORY G. PAUL
TX ID Number:  24054974
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

**Local Counsel:**
Allen R. Vaught
State Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas  75201
(214) 251-4157 – Telephone
(214) 261-5159 – Facsimile
avaught@txlaborlaw.com

*Counsel for Plaintiff*

Dated:  March 5, 2020