IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY ARMITAGE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00209-O-BP |
| § | |
| BNSF RAILWAY COMPANY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant BNSF Railway Company's Bill of Costs (ECF No. 38) filed July 9, 2021; Plaintiff Gary Armitage's Objection to that Bill of Costs (ECF No. 40) filed July 23, 2021; and Defendant's Response to that Objection (ECF No. 43) filed July 29, 2021. By Order dated August 24, 2021, United States District Judge Reed O'Connor referred the Bill of Costs and related briefing to the undersigned for resolution. ECF No. 44. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **OVERRULE** Plaintiff's Objection to Defendant's Bill of Costs (ECF No. 40) and award Defendant BNSF Railway Company $3,631.20 in taxable costs.

**I.   BACKGROUND**

On March 5, 2020, Plaintiff Gary Armitage ("Armitage") sued Defendant BNSF Railway Company ("BNSF"), alleging discrimination under the Americans with Disabilities Act ("ADA") and seeking class certification under Federal Rule of Civil Procedure 23 to represent similarly situated individuals with discrimination claims against BNSF. ECF No. 1. Armitage filed an Amended Complaint on June 1, 2020, which abandoned his class certification efforts and consolidated his claims under the ADA and state law. ECF No. 12. The Amended Complaint

alleged that BNSF disqualified employees "based upon a *per se* list of medications resulting in improper medical inquiries and misinterpretation of medications and assumption of side-effects without an individualized assessment." *Id.* at 1.

On May 17, 2021, BNSF moved for summary judgment (ECF No. 30), which Armitage countered on June 7, 2021 (ECF Nos. 33, 34). After BNSF replied to Armitage's Response on June 21, 2021 (ECF No. 35), Judge O'Connor considered the pleadings and granted BNSF's Motion for Summary Judgment on July 6, 2021. ECF Nos. 36, 37. The Court found that Armitage failed to raise a prima facie ADA discrimination claim because he did not prove he was a "qualified individual" or that BNSF's employment decision was "on account of his disability." ECF No. 36 at 7 (discussing 42 U.S.C. § 12112(a)).

On July 9, 2021, BNSF submitted its Bill of Costs in the amount of $3,631.20. ECF No. 38. Armitage objected, arguing that he brought his claims in good faith and has established three of the five factors courts consider when excusing the non-prevailing party's payment of costs, as outlined in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). ECF No. 40. BNSF filed its Response to that Objection on July 29, 2021. ECF No. 43.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). Although this presumption is rebuttable and the district court retains discretion not to award costs, a decision not to award costs to the prevailing party is the exception rather than the rule, and the court must articulate a "good reason" to justify its decision if it reduces or denies costs to a prevailing party. *Pacheco*, 448 F.3d at 794 (citing *Schwarz*, 767 F.2d at 131–32).

The Fifth Circuit has not explicitly determined what reasons are sufficient to warrant withholding costs from a prevailing party. *Id.* Nevertheless, it has "for the purpose of exposition" recognized the following factors from other circuits: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 (1998)). While the Fifth Circuit has subsequently declined to adopt the first and fifth factors, it has not taken a clear stance on the remaining factors. *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013). That a suit was brought in good faith does not, by itself, justify denying a prevailing party's cost request. *Pacheco*, 448 F.3d at 794–95.

**III.   ANALYSIS**

Armitage argues that the Court should deny BNSF's costs and, in any event, should stay the taxation of costs pending outcome of any appeal. ECF No. 40 at 1. However, he has not cited any authority for this request and has not made a separate argument to stay taxation of costs apart from his arguments for denial of costs. Therefore, the undersigned only addresses his request for denial of costs.

Armitage contends that "there is significant financial disparity between BNSF, whose 2019 Form 10-K shows net income of $5,481 million, and Mr. Armitage, who is unable to pay such costs and [is] unemployed." *Id.* He argues that his limited financial resources and BNSF's enormous financial resources satisfy the first and fifth *Pacheco* factors. *Id.* Additionally, he claims that his case presented close and difficult legal issues and thus satisfied the third factor. *Id.*

BNSF responds that its financial resources cannot be grounds for denying recoverable costs. ECF No. 43. Additionally, it contends that Armitage's alleged limited resources are an insufficient basis for denying its costs because he did not proceed in this matter *in forma pauperis*

3

and has not presented evidence that he lacks the resources to pay the $3,631.20 in costs. *Id.* at 2. Further, BNSF argues that this case did not involve close and difficult legal issues because Armitage's claims were all either voluntarily dismissed or resolved at the summary judgment stage. *Id.* at 3. It also notes that Armitage did not cite any case law showing that close and difficult legal issues warranted a denial of costs to the prevailing party. *Id.*

Armitage's resource disparity argument is unpersuasive. He cites no authority for the proposition that a non-prevailing party's limited financial resources warrant denial of costs to the prevailing party. To the contrary, the Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320 ("[W]e decline to disturb the careful balance established by the Federal Rules, which provide that taxable costs are presumptively awarded to the prevailing party."). Moreover, Armitage did not proceed in this case *in forma pauperis*, nor has he offered evidence showing that he cannot afford to pay BNSF's costs. Even assuming Armitage brought this suit in good faith, without evidence of his inability to pay due to limited financial resources, his statements alone are insufficient to overcome the strong presumption that the prevailing party should recover its costs. *See Gaines v. Techline, Inc.*, No. 1:13-cv-00576, 2017 WL 5505989, at *3 (W.D. La. Nov. 16, 2017) (plaintiff who prosecuted case in good faith required to pay costs absent evidence of indigence); *Williams v. J.B. Hunt Transp., Inc.*, No. 4:13-cv-02510, 2016 WL 4445442, at *4 (S.D. Tex. Aug. 24, 2016) (plaintiff's statements of "limited resources" was "insufficient to support his claim of indigency.").

Armitage's argument that this lawsuit involved close and difficult legal issues is equally unpersuasive. As BNSF notes, all of Armitage's claims were either voluntarily withdrawn or dismissed at summary judgment under well-settled law. Additionally, good faith claim prosecution does not justify denial of costs to the prevailing party. *United States ex rel. Long v. GSDMIdea*

*City, LLC*, 807 F.3d 125, 129 (5th Cir. 2015) (quoting *Pacheco*, 448 F.3d at 795). Accordingly, Armitage has not overcome the strong presumption in favor of awarding costs on this ground.

## IV. CONCLUSION

Because Armitage has not shown good reasons why costs should not be taxed against him, and no reason why the Court should decline to award costs pending his appeal, the undersigned **RECOMMENDS** that Judge O'Connor **OVERRULE** his Objection to BNSF's Bill of Costs (ECF No. 40) and award BNSF $3,631.20 in taxable costs.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 16, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE